# BENJAMIN F. WESTLAKE *et al.*

## *v.*

# HOBART S. HORTON *et al.*

1. PLEADING AND EVIDENCE—*defense must be set up in pleadings.* Where a bill shows the execution of a mortgage to secure a *bona fide* indebtedness, and afterwards a deed absolute in form for the same purpose, and payment, and asks for a satisfaction of the mortgage and a reconveyance, and the defendants, in their answer, deny full payment, and claim that the deed was given on an absolute sale, the defendants will not be allowed to make the point that the mortgage and deed were executed to hinder and delay creditors, as a defense, that not being set up in the answer.

2. MORTGAGE—*deed given to secure debt.* Where the pleadings and proof clearly show that a deed, absolute in form, was given merely to secure the payment of an indebtedness, and the subsequent payment of such indebtedness, a reconveyance will be decreed.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. HAY, GREENE & LITTLER, for the appellants.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a decree of the circuit court of Sangamon county. sitting in chancery. in a proceeding therein

instituted by Hobart S. Horton, complainant, and against Benjamin F. Westlake and Albert Fishall, defendants, praying for an account and relief under the allegations of the bill of complaint. These allegations were, substantially, that complainant, being indebted to Westlake in the sum of $3500, did, on the 24th of September, 1868, being seized in fee thereof, execute to Westlake, at his request, a mortgage on the southeast 1, town 6 north, range 6 west, in Pike county, to secure the payment of that sum, which was duly recorded. The mortgage is in the usual form with the usual conditions. It is then alleged, that Westlake, being desirous of additional security for this debt, and for that purpose and no other, and for no other consideration, complainant, for the purpose of amply securing Westlake, on September 23, 1869, executed and delivered to Westlake a deed, absolute in form, for the expressed consideration of $4000, for one hundred and twenty-six acres off the south side of section one, in the same township and range, which was duly recorded, alleging that this deed, though absolute on its face, was intended by the parties to secure this same sum of money for which the first mortgage was given, and for no other consideration or indebtedness, and that it was distinctly understood and agreed to by the parties, that upon the payment of the money due by the first mortgage, Westlake would acknowledge' satisfaction thereof and reconvey to complainant the last described piece of land. It is then alleged, the sum, so secured, has been fully paid by complainant, principal and interest, and that Westlake refuses to reconvey. It is further alleged, that during all the time, complainant has been and still is in possession of both of these tracts of land, the first of which is his homestead, and of the rents and profits, paying the taxes, etc. It is then alleged, that Westlake, under the false pretense that eighteen hundred dollars were due on the mortgage, and claiming that the second deed was an absolute deed, conveyed to Fishall the last described tract of land, and the mortgage for the tract first described, he, Fishall, having notice of all the facts alleged in the bill; that the conveyance to Fishall was without consid-

eration, and that complainant has demanded of Fishall a reconveyance and a satisfaction of the mortgage.

The defendants put in joint and several answers, insisting on the alleged indebtedness to Westlake, and insisting that the consideration, $4000, expressed in the deed of September 23, 1869, was the true consideration; that this sum was paid by Westlake to complainant as the sole consideration, and that the deed was intended as an absolute deed, and not a mortgage, and there was no agreement for a reconveyance. They deny that the amount due upon the note and mortgage has been paid, but aver there remains due and unpaid thereon about the sum of $1760.50, and that proceedings have been commenced to foreclose the mortgage for the unpaid balance. They admit the actual occupancy by complainant of the mortgaged land, but insist that as to the other tract, conveyed by the deed absolute in form, the occupancy of that by complainant was that of a tenant to Westlake, since the execution of that deed, alleging payment of taxes on that tract by Westlake. They deny all charges of confederacy to defraud complainant, and deny that the transfer to Fishall was without consideration and colorable only; and deny that the conveyance of September 23, 1869, by complainant to Westlake, was colorable and fraudulent, or without consideration, and deny that complainant was entitled to have the mortgage satisfied, or to a reconveyance of the last described tract of land; and aver that Fishall was an innocent purchaser, for value, without notice of any of the alleged equities of complainant, and deny that any equities exist in his favor.

There was a replication to the answer, and thus an issue was made up between the parties. The court decreed as prayed, on hearing testimony, and defendants appeal, and make the point that the case made by the bill and by the proof is different—insisting that a party can not make one case by his bill, and another by his proofs.

What was in issue? What were the matters of contention between these parties? We are only to look to the bill and answer to ascertain, and it will not appear from either that the

matter presented by appellant in his brief and argument was a contested matter. It nowhere appears in either, that these instruments of conveyance were executed to hinder and delay creditors, and with a fraudulent intent. It is not so averred in the answer. The answer grounds the defense upon a meritorious debt due from the complainant to defendant Westlake, and unpaid.

In the case of *Miller* v. *Marckle*, 21 Ill. 152, cited by appellant as controlling this case, it will be observed in that case, the point was distinctly made by the answer. Marckle had filed his bill to foreclose two mortgages executed by Miller to him on the same tract of land. Miller, in his answer, alleged that one of the mortgages was executed by him to secure a note he had executed to Marckle without any good and valuable consideration, and that the same was executed by him, not to secure any debt due and owing from him to Marckle, but was executed wholly and solely for the purpose of securing his property from his creditors until he could get means to settle with them. How different is this case? Here, both parties admit an indebtedness from the complainant to Westlake, justly due. There can be no dispute about that. In all this proceeding, from its commencement to the final decree, there was no pretense by defendants that complainant was not Westlake's debtor, and for valuable considerations moving from the defendant to complainant. Westlake had advanced large sums of money, more than five thousand dollars, to complainant, to extricate him from pecuniary difficulties, and the latter had, in good faith, mortgaged these lands to Westlake to secure the payment. This can not be disputed.

In what respect does the case made by the bill differ from the case made by the proofs? The case made by the bill was an indebtedness due from complainant to Westlake, evidenced by a note, to secure which he executed a mortgage on a certain tract of land; that, further to secure this creditor, he executed, at the creditor's request, a deed, absolute on its face, for another tract of land, which was to be held as mortgage security only. The proofs make the same case, substantially. This is

all that can be claimed under the rule so often announced by this court in the cases referred to by appellant. In principle and purpose the proofs in this record make out the case made in the bill.

We have remarked already, that it was at no time pretended by appellant. or alleged by him, that these conveyances were made to hinder and delay creditors, but were to secure debts *bona fide* due and subsisting. That is the very ground of appellant's defense, as he has set it up in the answer, and it is sustained by the proof.

We are satisfied the debt for which these conveyances were made has been fully paid, discharged, and there ought to be satisfaction entered of the mortgage, and a reconveyance of the one hundred and twenty-six acre tract off the south side of the north-west one, 6 south, 6 west; and affirm the decree in all respects.

*Decree affirmed.*