## DENNIS MEERS

*v.*

## WILLIAM W. STEVENS *et al.*

106   549
163   496
106   549
170   497

*Filed at Ottawa May 10, 1883.*

1. USURY—*commissions, when usurious.* Where a party loans money through his son, as his agent, and the agent takes four per cent of the principal as commissions, taking a note for the entire sum, bearing ten per cent interest, payable in one year, and at the end of the year, on application for an extension of time of payment, the lender refers the debtor to the son, who extends the time one year, for $100, which is paid to him, and a second extension is made in the same way with another son, acting as the lender's agent, it was *held*, on bill to foreclose the deed of trust securing the loan, that the four per cent taken as commissions, and the several payments for the extensions, made the transaction usurious, and that they should be credited as payments on the note, after deducting expenses of advertising for sale under the trust deed.

2. PLEADING—*contract to be stated according to its legal effect.* The rule at law is, that the party pleading a contract is only obliged to state it according to its legal effect. If the contract is made through an authorized agent, the principal is equally a party thereto as if he had made it in person, and in pleading it is proper to charge that the principal entered into the contract.

3. PLEADING AND EVIDENCE—*variance.* The rule in respect to a variance between the allegations in a pleading and the proof is substantially the same both at law and in equity.

4. An allegation in an answer that the complainant in a bill to foreclose a mortgage made an usurious agreement at the time of the loan to deduct four per cent of the loan as commissions, and afterward extended the time of payment in consideration of payments over and above the legal rate of interest expressed in the note, is sustained by proof showing he did so through his agent transacting the business for him, and such evidence is admissible.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellant.

Messrs. OLIN & PHELPS, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case comes before us by appeal from a judgment of the Appellate Court for the Second District. The case was a bill to foreclose a mortgage given to secure the payment of a promissory note for .$3000, to which the defence of usury was set up in an answer. The answer claimed that fourteen per cent was exacted when the loan was effected,—four per cent under the name of commissions, which was, at the time, deducted from the principal, and the remaining ten per cent as current interest, payable at the end of the year, when the principal was due; that when the note was due at the expiration of one year, an extension of time was obtained for another year for the payment of $100 in excess of and in addition to the payment, then, of current interest, at the rate of ten per cent per annum, and at the end of that year another extension was obtained for a like period and upon the same terms,—all of which is alleged to have been usurious. The Appellate Court found that the four per cent paid when the loan was obtained, and the two payments of $100 each, in addition to current interest at ten per cent per annum then paid, for an extension of time, were usurious, and directed that they be credited, after deducting the expense of advertisement of sale under trust deed, as payments upon the note. We see no cause to disagree with this finding. The money was obtained upon a draft issued by Robert Meers, son of appellant, and he also made, as appellant claims, the first contract for extension of time, and received the $100 therefor. The other contract for extension of time was effected, as appellant claims, with E. Meers, another son of appellant, and he received the $100. Appellee does not agree that these contracts for extension of time were made as claimed by appellant. He claims they were made with appellee in the first instance, but finally concluded, in the first extension, with Robert, and in the last, with E.

The point is made that there is a material variance between the allegations in the answer, and the proofs. The rule in this respect is substantially the same at law as in equity. (2 Daniells' Chancery Practice, (Perkins' ed.) 857.) And the rule at law is, the party pleading a contract is only obliged to state it according to its legal effect. (1 Chitty's Pleading, (7th Am. ed.) p. 334, *335.) And it is elementary that a contract made by an agent is, in law, the contract of the principal.

Appellee testified that the contract was made, and the several extensions thereof were effected, substantially as set up in his answer. It is true in his cross-examination he says E. Meers told him the $100 paid him was for his fees and advertising, but he unequivocally states that he made this payment under protest, and in order to obtain an extension of time; and it is not shown to have been due for advertising, or in any other legitimate way, to E. But appellant's evidence, though contradictory of that of appellee, distinctly shows that the loan was made and the first extension effected through contract made by appellee with Robert Meers, as agent of appellant, and that the second extension was granted appellee by E. Meers, then acting as appellant's agent. Whether these contracts were concluded by appellant through his properly constituted agents, as he claims, or in person, as appellant claims, the mode of pleading them is, as we conceive, precisely the same. The legal effect is, they are his contracts, and they should be so described; and when thus described, of course any proof showing him legally a party to them is admissible.

Appellant's own evidence clearly proves that Robert Meers was acting as his agent in this matter, and generally. In his direct examination he stated that he was introduced to appellee by a Mr. Henry, about the 2d or 3d of April, 1874. He was then asked, "Did you then have a conversation with Mr. Stevens about loaning him $3000?" To which he

answered, "Yes; he asked me if I had any money to loan. I told him I fetched some money with me. He said he wanted to loan $3000 for one year, and good security. I told him he should go to my son Robert Meers, and he should transact the business with him; that he had the entire charge of my business, and that I should have ten per cent for my money." And again he says, further along in his evidence, Robert "had full charge of the matter," alluding to this loan, "up to '76." And as to the second extension, this question was asked him: "When Mr. Stevens applied to you, in your store on Jefferson street, in the spring of '76, for a second extension, what did you tell him?" To which he answered: "He came into the store to me, and I told him that I and Robert had given up those papers to my son E. Meers, and that he should transact the business with him in the future."

The case is clearly within the principle by which *Payne et al.* v. *Newcomb et al.* 100 Ill. 611, was controlled. Even disregarding the evidence of appellee that appellant himself stipulated for the payment of the fourteen per cent, and for the extra $100, in addition to current interest, for each of the two extensions, we think the whole circumstances in proof show that appellant should be held responsible for the extra per cent charged. He does not deny, in fact, that he knew such charges were made. The circumstances look very much like a family arrangement to charge usury, and cover it up under the claim of commissions. No attempt is made to explain why appellee was referred to Robert at all. He had no special qualifications for investigating the character and sufficiency of the security offered. It does not appear that his judgment was here specially relied upon, and appellant testifies, and in this is uncontradicted, that he paid another party for examining the abstract. Appellant was quite as accessible to appellee, and to other parties desiring to borrow money, as was Robert, and for aught that appears in evidence

quite as competent to transact business. It presents the appearance of an arrangement specially gotten up to accomplish precisely what was done.

The decree is affirmed.

*Decree affirmed.*