## PUGET SOUND NAT. BANK OF SEATTLE v. KING COUNTY et al.

(Circuit Court, D. Washington, N. D. June 30, 1893.)

1. Banks and Banking—National Banks—Taxation by Local Government—Discrimination.

Rev. St. § 5219, prohibits an adverse discrimination by a local government in the valuation of national bank stock for assessment, as compared with the assessment by the same government for the same year of other moneyed capital invested so as to make a profit from the use thereof as money.

2. Equity—Pleading—Demurrer to Bill.

On demurrer a bill must be taken as true, and matter in avoidance is not available.

In Equity. Suit by the Puget Sound National Bank of Seattle for an injunction to prevent threatened proceedings to enforce payment by said bank of state and county taxes for the year 1891 upon its capital stock. Demurrer to bill overruled.

Preston, Car & Preston and J. B. Howe, for complainant.

John F. Miller, for defendants,

Cited, as sustaining the validity of the tax, the following decisions of the United States supreme court: Hepburn v. School Directors, 23 Wall. 480; Mercantile Bank v. City of New York, 7 Sup. Ct. Rep. 826, 121 U. S. 138; Talbott v. Silver Bow Co., 11 Sup. Ct. Rep. 594, 139 U. S. 438; Palmer v. McMahon, 10 Sup. Ct. Rep. 324, 133 U. S. 660.

HANFORD, District Judge. This case, having been argued and submitted upon a demurrer to the bill of complaint, the court is not called upon at this time to give an opinion upon all questions which have been debated, or do more than decide as to the sufficiency of the bill of complaint to support a decree for any part of the relief prayed for, if the averments thereof shall be confessed or proven. The bill does explicitly set forth the fact and the manner of discrimination against shareholders of national bank stock, in the valuation thereof for assessment, as compared with the assessment for the same year of other moneyed capital in the hands of individual citizens of this state, and invested in this state so as to make a profit from the use thereof as money.

The right of local governments to tax national bank stock is given by section 5219, Rev. St. U. S., but with a restriction against such discrimination as this bill charges. If the facts are as alleged, the disregard of the law in this particular on the part of the assessor and equalizing boards of the county and state renders the tax levied upon national bank stock illegal, and the complainant is entitled to protection as prayed. People v. Weaver, 100 U. S. 539; Pelton v. Bank, 101 U. S. 143; Cummings v. Bank, Id. 153; Boyer v. Boyer, 113 U. S. 689, 5 Sup. Ct. Rep. 706. By alleging the same the complainant has undertaken to prove these facts, if controverted, and opportunity for doing so should be afforded. The substance of the argument in support of the demurrer is that the bill is untrue, and that facts in avoidance have not been antici-

pated and denied. But in passing upon the demurrer the court is bound to treat the bill as being true; and the matter in avoidance, to merit attention, needs to be set forth in an answer.

The decisions of the supreme court of the United States, which are cited as sustaining the validity of the tax, are distinguishable from this case, in its present state, by the fact that in each the merits were fully presented by the pleadings of both sides, and testimony, or by agreed statements of the facts. It is true that the bill in this case does not particularize the discriminations complained of, or specify instances with any greater minuteness than the bill in the case of First Nat. Bank v. County of Chehalis, 32 Pac. Rep. 1051, in which the supreme court of this state affirmed a judgment in favor of the defendant upon a demurrer to the bill. But it is also true that the bill before me is fully as definite and specific in its statements of the facts constituting discrimination as the bill in the case of Boyer v. Boyer, supra, in which the supreme court of the United States held that an answer should have been required, and reversed the decision of the supreme court of Pennsylvania, sustaining a demurrer to the bill. Demurrer overruled.