JENNIE CRONE

*v.*

THOMAS W. CRONE.

*Opinion filed December 22, 1897—Rehearing denied February 3, 1898.*

1. APPEALS AND ERRORS—*when objection of variance is not waived by absence of objection from record.* An objection of variance between the complainant's allegations and proof is not waived by the absence of such objection from the record, where the alleged variance arises from proof made by the defendant upon the hearing.

2. SAME—*variance in proof of immaterial allegation is not ground for reversal.* Variance in proof of an immaterial allegation of the complainant's bill is not ground for reversal.

*Crone* v. *Crone,* 70 Ill. App. 294, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

CONSIDER H. WILLETT, for appellant.

GEORGE B. POWER, and ASA QUINCY REYNOLDS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the summer of 1896 Walter S. Crone, the husband of appellant, Jennie Crone, was in the saloon business at No. 6 Dearborn street, Chicago, and on July 6 of that year sold out the saloon and business for $6000, receiving $1000 in cash and $5000 in notes payable to his order. He died one month after the sale, but before his death endorsed and delivered to appellant the promissory notes, and she deposited them with Graham & Sons for collection. After the death of Walter S. Crone, his father, the appellee, Thomas W. Crone, filed the bill in this case against appellant and Graham & Sons, alleging that he was an equal partner in the saloon business with his son, and seeking

to recover his share of said proceeds and also one-half of warehouse certificates in the possession of appellant calling for whisky in bond, of the value of $400, as partnership property. The Grahams answered disclaiming any interest in the notes and submitting to the order of the court. Appellant answered denying the interest claimed. The cause was heard before the judge in open court, and there was a decree for appellee, which has been affirmed by the Appellate Court.

The complainant and his son, Walter S. Crone, had been in the saloon business at different places in Chicago for more than twenty years, and of late years, at least, had lived together in one family. The business was always conducted in the name of complainant, and his name was over the doors of all the different saloons. All the receipts for supplies, rents and all warehouse certificates were made out in his name. He is now seventy-eight years old, and for the last ten years did not take any very active part in the business, but was frequently about the saloon and was consulted and his wishes deferred to by his son. It is certain that there was never any particular understanding or agreement between them as to their precise relation or interests in the property and business. The evidence on behalf of the complainant was, that he furnished all the means and made the entire investment in the first saloon purchased, and took his son in without any capital whatever, and that no other means were ever put into the business, but that each saloon was bought with the proceeds of the sale of the preceding one. This was denied, and the evidence on that subject is irreconcilable. The witnesses having been examined in open court, much weight is to be given to the finding of the judge, and we cannot say that his conclusion that the alleged partnership existed was wrong.

It is assigned for error that the court allowed complainant to testify to conversations had and business arrangements made with his son and alleged partner, out

of the presence and without the knowledge of his wife, the defendant, Jennie Crone, and which she could not be prepared to contradict. The notes had been given to her by her husband in his lifetime, and she was not claiming them or defending the suit as his heir. The testimony did not come within any of the exceptions which would render it incompetent, and, of course, it did not become so because she was not present when her husband made the contract or arrangement testified to.

The defendant, Jennie Crone, while testifying, told about $1000 that she was to have given complainant which she never did give him, on certain conditions which were never carried out or complied with, and she was then asked why that $1000 was to be paid, and the court sustained an objection to the question. The ruling was right. The question was irrelevant to any inquiry in the case. She had also explained that complainant's name was over the door of the saloon on account of an old judgment against her husband, and she was asked if she knew when the judgment was paid. The court sustained an objection to the question, but it was proved by the next witness that the judgment was paid in 1892, so that she had the benefit of the evidence and no injury resulted. The question about the $1000 was also fully answered by her, and the whole of the unexecuted proposition fully explained in answer to other questions.

The only other point made is, that complainant stated one case in his bill and proved and recovered on a different state of facts. It is a familiar rule that the allegations and proofs in a chancery cause must correspond, and that a complainant cannot allege one ground of relief and recover by proof of another. The proofs corresponded with the allegations in the bill in every particular, except in the averment that when the notes were given to Jennie Crone her husband gave her an absolute property in one-half and complainant was to receive the other one-half of the proceeds, which right of complainant she refused

to recognize. The proof showed that the husband gave the notes to his wife as her absolute property. It is insisted, on the other hand, that this question cannot be raised here because it does not appear, from the record, that it was raised in the circuit court, and the following cases are referred to as sustaining that position: *Thompson* v. *Hoagland*, 65 Ill. 310 was a case where the note set out in the bill did not contain the words "value received." When the note containing those words was offered in evidence a general objection was made, but the variance was not pointed out. It was, of course, held in this court to be waived, but it was not a question of stating one case by a bill and making another by the proof. In *Meers* v. *Stevens*, 106 Ill. 549, a contract made by an agent was stated in an answer according to its legal effect as made by the principal, and it was held that there was no variance. The point insisted upon here was not involved. In *McAuliffe* v. *Reuter*, 166 Ill. 491, the cause was heard in the Superior Court on exceptions to the master's report recommending the decree which was entered. Exceptions to a master's report must point out specifically all grounds of objection which are not conclusions of law from the facts found by him, and as no objection on the ground of variance was raised by such exceptions it was not considered in this court.

In a case of this kind, and where the supposed objection arises from proof made by defendant, there is no place where the defendant is called upon to make, or can make, an objection in the record, and, of course, there can be no waiver because he has not done so. But in this case we think there was no such variance between the allegations and proofs as should call for a reversal. All the material averments affecting the rights of the parties were proved as stated, and the averment in question did not change or affect the rights of the parties in the slightest degree or make a different case for complainant. The material averments were as to complainant's interest in

170—32

the notes, the endorsement and delivery to the defendant, Jennie Crone, and her possession and refusal to recognize his rights. These were all proved as averred, and established complainant's case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*