THOMAS W. CRONE

*v.*

JENNIE CRONE.

*Opinion filed June 17, 1899—Rehearing denied October 5, 1899.*

1. TRUSTS—*partner taking title to land bought with partnership funds holds it in trust.* Where two partners having equal interests purchase land with partnership funds and the title is taken in the name of one partner only, a trust results in favor of the other as to his portion of the property.

2. EQUITY—*defendant cannot avail of defenses not set up in answer.* A defendant in chancery is bound to apprise the complainant of the nature of his defense, and cannot avail himself of matters of defense appearing from the evidence but not set up in the answer.

3. SAME—*leave to amend pleadings after hearing rests in discretion of court.* Whether a defendant in chancery shall be permitted, after hearing but before final decree, to file a supplemental or amended answer setting up new matter not involved under the issues as made on the hearing, is a matter resting in the discretion of the court, and its action in denying leave cannot be reviewed unless substantial rights have been lost to the defendant.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

The original bill in this case was filed by the appellee against the appellant, and Kittie A. Knapp, and George A. Rose on November 2, 1896; but afterwards, on June 20, 1898, a third amended bill was filed against the same defendants, to which the defendants filed a joint and several answer. Replication was filed to the answer. The cause was decided upon the issues made by the third amended bill, and the answer thereto.

The appellee is the widow of Walter S. Crone, deceased, and Walter S. Crone, deceased, was the son of the appellant, Thomas W. Crone. The bill alleges that, on May 1, 1890, the appellant purchased with money, which was the property in equal parts of himself, Thomas W. Crone, and of his son, Walter S. Crone, a certain lot with the building thereon, known as 450 Warren avenue, Chicago; that there was no express agreement between Thomas W. and Walter S. Crone concerning said purchase, nor the using of said money to pay for said land, but that, without consulting his son, Walter, and without a knowledge of appellee, appellant, Thomas W. Crone, used said money and caused the seller of said premises to convey, and said seller did convey by warranty deed, the said premises to appellant; that, thereupon, the legal title to the premises became vested in appellant in trust for the use of himself and Walter S. Crone, their heirs, etc., as tenants in common; that, when said purchase was made, said Walter with appellee took possession and occupied said premises, and resided thereon as their homestead, until said Walter died; that the next year appellant also entered into the possession of the premises jointly with his son, and so continued until the death of said Walter; that by deeds, executed on June 27, 1896, and July 22, 1896, said Walter conveyed an undivided one-half of said premises to appellee; that, on August 4, 1896, said Walter S. Crone died upon said premises intestate, leaving no child or children, or descendants of any child or children, but leaving appellee, his widow, and appellant, his father,

and the said Kittie A. Knapp, his sister, as only heirs-at-law; that complainant thereby became and is the equitable owner in fee of an undivided one-half of the premises, as tenant in common with appellant, and is entitled to have the legal title to such one-half conveyed to her by appellant, and also to share equally with him in the rents and profits since the death of said Walter; that, upon the death of said Walter, appellant assumed the ownership of the premises, and collected the rents, and excluded appellee therefrom and from any share therein; that appellant has executed a deed of trust upon the premises to the said George A. Rose to secure the payment of his note for $500.00 payable in two years.

The prayer of the bill is, that appellant may be declared to be the holder of the legal title to said premises in trust for the appellee and himself, as tenants in common, in equal parts; that he may be decreed to convey the legal title to an undivided one-half to the appellee; that partition may be made between appellee and appellant; that the trust deed of Rose be decreed a lien upon the portion owned by appellant only; that if partition cannot be made without prejudice, the premises may be sold and the proceeds distributed, and that appellant account to appellee for rents and profits.

The answer of appellant and the other two defendants below denies, that the appellant purchased the property with money which was the joint money in equal parts of appellant and Walter S. Crone. The answer denies all the other material allegations of the bill as above stated, but admits the execution of the deeds made in June and July, 1896, by said Walter to the appellee, and also admits the death of said Walter and the heirship of the parties, as above stated. The answer denies, that appellee is an equitable owner in fee of an undivided one-half of the premises, as tenant in common with appellant, and denies that she is entitled to have the legal title to said one-half conveyed to her, or to share equally with

appellant in the rents and profits. The answer admits the execution of the trust deed to Rose to secure appellant's note of $500.00. The answer alleges, that appellant bought and paid for the premises with his own money, and has ever since the purchase exercised the rights of ownership over the same, and paid the taxes and insurance thereon, and executed leases of the same, and paid for all the improvements with his own money; and that said Walter S. Crone never at any time claimed an interest in said premises, except as above stated, or exercised any rights of ownership over the same.

The decree of the trial court was substantially in accordance with the prayer of the bill, finding that the property was purchased with the joint money in equal parts of Walter S. Crone, deceased, and the appellant; finding that appellee and appellant are each entitled to an undivided one-half of the premises, and that the one-half thereof owned by appellant is subject to the trust deed to Rose, but that the one-half owned by appellee is unencumbered. The decree then directed that partition be made, and that three commissioners be appointed to make partition. The cause was referred to a master in chancery to state an account of the rents and issues from the time of the death of the said Walter S. Crone.

The present appeal is prosecuted by the appellant, Thomas W. Crone, from the decree so entered by the superior court of Cook county.

ASA QUINCY REYNOLDS, for appellant.

CONSIDER H. WILLETT, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The proof shows, that the appellant, Thomas W. Crone, and his deceased son, Walter S. Crone, were partners for many years, during the lifetime of the latter, in the retail liquor business at No. 6 Dearborn street in Chicago. The

saloon and business at the place named were sold out on July 6, 1896, by Walter S. Crone for $6000.00, $1000.00 paid in cash, and $5000.00 in notes to his order. After his death the appellant, Thomas W. Crone, filed a bill against the present appellee and others, alleging that he was an equal partner in the saloon business with his son, and seeking to recover his share of the proceeds of the sale of the business, and of certain warehouse receipts, which were then in the possession of the appellee, Jennie Crone, and claimed by her. In the suit thus brought by appellant against appellee, a decree was entered in favor of the appellant, finding him to be the owner of an undivided one-half of the property involved in that suit. From that decree an appeal was taken to the Appellate Court, where the decree was affirmed, and the case was then brought to this court, where the judgment of the Appellate Court was affirmed. The cause is reported as *Crone* v. *Crone*, 170 Ill. 494.

The question of fact, involved in this case, is whether the lot and improvements thereon, known as 450 Warren avenue in Chicago and in controversy in this suit, were purchased with partnership money, belonging jointly to the deceased, Walter S. Crone, and his father, the appellant, or whether such premises were purchased with the individual money of the appellant alone. The court below found that the property was bought with partnership money. We are of the opinion, that this finding of the court below is sustained by the evidence, and do not deem it necessary to discuss the testimony in detail.

Inasmuch as the property was purchased with partnership funds, belonging to Walter S. Crone and the appellant, and the legal title thereto was conveyed to the appellant, it follows that there was a resulting trust in favor of Walter S. Crone, and the appellant held the legal title in trust for himself and for his son. Where two persons together advance the price of land, and title is taken in the name of one of them, a trust results in favor of the

other in such proportion of the property, as is equal to the proportion of the consideration contributed by that other. (*VanBuskirk* v. *VanBuskirk*, 148 Ill. 9). Where two partners, having each an equal interest in a business, purchase land with partnership funds, and the title is taken in the name of one of the parties only, the latter will be regarded as an agent and trustee of the other. (*VanBuskirk* v. *VanBuskirk, supra; Stephenson* v. *McClintock*, 141 Ill. 604). In such case, when the property is paid for with partnership moneys, and the title is taken in the name of one partner, the other partner has the right to an interest with the partner, holding the title, the two interests being in the proportions of their respective ownerships in the moneys paid for the property. (*King* v. *Hamilton*, 16 Ill. 190). It follows, that the decree of the court below was correct in directing an undivided one-half of the property to be deeded by the appellant to the appellee, inasmuch as her husband before his death had conveyed to her by deed or deeds his undivided one-half interest in the property.

It is, however, urged by counsel for the appellant that the deceased, Walter S. Crone, caused the property to be conveyed to his father by reason of an outstanding judgment against himself. This judgment is shown by the testimony to have been paid in 1892. (*Crone* v. *Crone, supra*). It is undoubtedly true, that, where a conveyance has been made for the purpose of hindering or delaying or defrauding the creditors of the grantor, equity will not interpose to restore to the grantor, or to his heirs, the title to the property so fraudulently conveyed. (*Dunaway* v. *Robertson*, 95 Ill. 419; *Francis* v. *Wilkinson*, 147 id. 370; *McElroy* v. *Hiner*, 133 id. 156). But we do not deem it necessary to discuss the question, whether this principle is applicable to the facts of this case or not, for the reason that no such issue is made by the pleadings.

Here, the appellee charges that the property was purchased with partnership funds of her husband and

appellant. The only defense, set up in the answer of the appellant to this charge, is, that the property was purchased with the appellant's own individual money. Therefore, the issue made by the pleadings is, whether the money paid for the property was furnished by appellant alone, or by the appellant and his son, Walter. The appellant does not in his answer allege, that he took the title to this property in his own name at the request of his son, in order to keep it from a creditor of the latter, nor does he so state in his testimony. The only evidence upon the subject is that of one of the witnesses, who says that he heard Walter S. Crone say in his lifetime, that he wanted the title to be put in his father because of the existence of the judgment above referred to.

This court has held, that such a defense as this cannot be set up under such a state of pleadings, as here exists. In *Westlake* v. *Horton*, 85 Ill. 228, the bill showed the execution of a mortgage to secure a *bona fide* indebtedness, and afterwards a deed absolute in form for the same purpose, and payment of the indebtedness, and asked for a satisfaction of the mortgage and a re-conveyance of the land, and the defendants in their answer denied full payment, and claimed that the deed was not a mortgage, but was given to carry out an absolute sale of.the property; it was there held that the defendants would not be allowed to make the point, that the mortgage and deed were executed to hinder and delay creditors, as a defense, because such defense had not been set up in the answer. In *Westlake* v. *Horton, supra,* we said: "What was in issue? What were the matters of contention between these parties? We are only to look to the bill and answer to ascertain, and it will not appear from either that the matter presented by appellant in his brief and argument was a contested matter. It nowhere appears in either, that these instruments of conveyance were executed to hinder and delay creditors, and with a fraudulent intent. It is not so averred in the answer. The answer grounds the

defense upon a meritorious debt due from the complainant to the defendant, Westlake, and unpaid. * * * We have remarked already, that it was at no time pretended by appellant, or alleged by him, that these conveyances were made to hinder and delay creditors, but were to secure debts *bona fide* due and subsisting. That is the very ground of appellant's defense, as he has set it up in the answer, and it is sustained by the proof."

Here, the bill and answer presented no such issue, as is involved in the question whether or not the conveyance was taken in the name of the appellant for the purpose of hindering or delaying or defrauding any creditor of Walter S. Crone. The rule in chancery is "that a defendant is bound to apprise the complainant by his answer of the nature of the defense he intends to set up, and that a defendant cannot avail himself of any matter of defense which is not stated in his answer, even though it should appear in the evidence." (*Johnson* v. *Johnson*, 114 Ill. 611). It is furthermore contended by the counsel for appellant, that, even if the property was bought with partnership funds, the court below should have first ordered a partnership accounting to adjust all equities between the parties to this cause. It might be said in answer to this contention, as was said in reference to the contention last made, that no such point is raised by the pleadings, and no such defense was insisted upon by the appellant in his answer. But there is another reason, why the court below committed no error in not requiring an account to be stated.

After the hearing of the cause was had upon the issues made by the pleadings, and before the decree was entered, the appellant asked leave of the court to file a supplemental answer in the cause, and to introduce evidence in support of the supplemental answer. In support of his motion for leave to file the supplemental answer, the appellant filed his own affidavit. The object of the supplemental answer was to set up that certain

partnership debts had not been paid, and that the appellant himself had contributed a certain sum of money towards the payment of one of these debts. Whether or not the appellant, defendant below, should be allowed, after the hearing was ended, to file a supplemental or amended answer, setting up a new matter not involved in the pleadings under which the hearing had taken place, was a matter resting within the discretion of the court; and, therefore, it cannot be assigned as error, unless there has been some abuse of the discretion. We discover nothing to indicate that there was any such abuse here. Where a motion is made after the hearing of a case, and before final decree, for leave to amend the bill or to file a supplemental bill, the granting of such leave is a matter, which is within the discretion of the court. (*Shovers* v. *Warrick*, 152 Ill. 355). In *Johnson* v. *Johnson, supra,* which was a bill for divorce, and where the issue was tried before a jury, the defendant, after the jury had retired to consider of their verdict, filed an amendment to his answer, setting up new matter; and, after the return of the verdict, this amendment was, on the complainant's motion, stricken from the files, and the ruling was assigned for error; and in that case we said: "This motion was addressed to the sound discretion of the court, the exercise of which will not be the subject of review, unless it appears that some substantial right has been lost to the defendant, or some legal or equitable defense denied him."

It does not appear in this case, that the appellant was deprived of any substantial right by the refusal of the court to allow him to file a supplemental answer. As has already been stated, a bill was filed by the appellant against the appellee after the death of her husband, Walter S. Crone, for the purpose of reaching appellant's undivided one-half interest in the proceeds of the sale of the saloon business already referred to. About the cash payment of $1000.00, which was a part of the proceeds

of said sale, counsel for appellant says in his brief: "The $1000.00 in cash was used to pay the outstanding claims against the business." It was not set up by the appellant, either in the supplemental answer presented by him to the court below, or in the affidavit made by him in support of his motion for leave to file said answer, that there were any outstanding debts of the partnership, exceeding $1000.00 in amount. On the contrary, the debts referred to in appellant's affidavit are together far less in amount than $1000.00. If, therefore, as counsel for appellant states in his brief, the $1000.00 in cash, realized from the sale of the business, was applied to the payment of the outstanding claims against the business, it is difficult to see how the appellant was deprived of any substantial right by the action of the court below.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*