## A. B. McDAVID

*v.*

## FRANK SUTTON.

*Opinion filed December 16, 1903.*

1. SPECIFIC PERFORMANCE—*when new agreement is no defense to specific performance.* An alleged new agreement is no defense to an action to specifically enforce a bond for a conveyance where the conditions upon which the new agreement was to become effective were never complied with.

2. SAME—*defense not shown to have been set up in answer not considered on appeal.* An alleged defense not shown by the abstract of record to have been set up in the answer to a bill for specific performance cannot be considered on appeal.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. E. P. VAIL, Judge, presiding.

RAYMOND D. MEEKER, and MILLS BROS., for plaintiff in error.

R. M. PEADRO, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Frank Sutton, defendant in error, obtained a decree against A. B. McDavid, plaintiff in error, in the circuit court, for the specific performance by the latter of a contract to convey certain lands in Allentown, Moultrie county. McDavid sued out this writ of error to reverse the decree.

The contract sought to be enforced was in the form of a bond made by McDavid to Nora A. and Frank Glover,

dated May 7, 1891, conditioned that if said Glovers should pay their certain promissory note of the same date, for $200, payable to him four years after its date, at seven per cent, he would execute and deliver to them a good and sufficient deed conveying said lots to them clear of all encumbrances. The Glovers took possession of the lots and held them until February 2, 1895, when they sold and assigned the bond and all their interest in the lots to A. W. Sutton, a brother of defendant in error. While the Glovers held the bond they made payments to McDavid, which it was agreed should be credited on their note to him given for the purchase money. It was found by the court below that after deducting the amount so paid there remained due on the note only the sum of $100.81, and we think that finding was justified by the evidence. The preponderance of the testimony is, that before filing his bill the defendant in error purchased from his brother, A. W. Sutton, the bond in question, and, after obtaining it, offered to pay McDavid the balance due on the note given by the Glovers for the purchase money and demanded a deed to the lots, as provided in the bond, but that McDavid refused to make the deed unless he, Frank Sutton, would pay $40 in addition, which he claimed he had lost through some act (not disclosed by the evidence) of Frank Glover, one of the obligees in the bond. The defendant in error thereupon filed this bill on August 8, 1895.

The defense relied upon in the answer, as shown by the abstract, was a general denial that the complainant ever paid anything for the bond, or that he or any one else ever tendered to the defendant anything, or the balance due him on the note or bond; also, that while A. W. Sutton held and was the owner of the bond for the conveyance of the lots, he and McDavid entered into another agreement whereby said bond was annulled, and the said A. W. Sutton was to satisfy a mortgage which he had given on the lots to Glover and release to McDavid three

of said lots, and McDavid was to convey one of the lots to A. W. Sutton. The evidence shows that the new alleged agreement, with A. W. Sutton's notes which he was to give, and McDavid's deed for the one lot, were deposited with one Mathers, not to be delivered until Glover's release could be obtained, and if it should not be obtained there was to be no trade and the new agreement was to be of no force. The release was not obtained and the papers so deposited were never exchanged, and A. W. Sutton regained possession of the bond for the deed, and assigned, as before stated, to his brother, the defendant in error. It seems clear that the alleged new agreement, as found by the circuit court, never became effective because the conditions upon which it was to take effect were not complied with, and that being the case, it follows, necessarily, that the new agreement cannot be successfully interposed as a defense to the specific performance of the obligations of the bond.

Something is said by counsel for plaintiff in error, in their argument, about a mortgage said to have been given by A. W. Sutton to Frank Glover on the lots, to secure a note for $210 given by him (Sutton) for additional purchase money when Glover sold and assigned to Sutton, and which, it is claimed, McDavid purchased from Glover, the contention being, that the decree below should have saved such mortgage lien from its operation and the deed required to be made under it. We are unable to find, from the abstract, that any such defense was set up in the answer, and it cannot, therefore, be considered in this decision.

We are of the opinion that the decree below is in conformity with the law and the evidence applicable to the case, and it will accordingly be affirmed.

*Decree affirmed.*