Harsh v. Sutton, 180 Ill. App. 651.

P. J. Harsh, Complainant, Defendant in Error, v. A. W. Sutton et al., Plaintiffs in Error. Irene McDavid and Albin B. McDavid, Defendants in Error.

1. MORTGAGES—*when there is no merger.* Where complainant, the owner of certain lots, executes a bond agreeing to convey them to the vendees upon the payment of two hundred dollars within two years and the vendees assign the bond to third parties who give their note secured by a mortgage on the premises and the note and mortgage are assigned to complainant, the mortgage does not merge with the title held by complainant and he is entitled to foreclose the mortgage against an assignee of the bond to whom title is conveyed by the master under a decree for specific performance.

2. MORTGAGES—*when decree for specific performance is not res adjudicata in action to foreclose.* Where complainant, the owner of certain lots, executes a bond agreeing to convey them to the vendees upon the payment of two hundred dollars within two years, the vendees assign the bond to third parties who give their note secured by a mortgage on the premises, and the note and mortgage are assigned to complainant, a decree for specific performance, obtained by the holder of the bond after complainant's refusal to convey is not *res adjudicata* in an action by complainant to foreclose the mortgage, there being no pleadings sufficient to raise the question of *res adjudicata*.

3. EQUITY—*when decree is res adjudicata.* Where the parties are the same in two proceedings in equity, whatever might properly have been litigated and whatever was litigated in the pleadings or under the facts as disclosed in the first adjudication is *res adjudicata*.

4. MORTGAGES—*when sufficient.* Where a mortgage describes the mortgagors, the mortgagee, the note to be secured, the premises mortgaged and the consideration for which the note is given, it is sufficient.

5. MORTGAGES—*equitable interest.* Where the owner of lots executes a bond agreeing to convey them to vendees upon the payment of two hundred dollars within two years, an assignee of the bond has an equitable interest which he has a right to mortgage, and the mortgage being recorded, one who purchases the lots takes subject thereto.

Error to the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

E. J. MILLER, for plaintiff in error.

JACK, DECK & WHITFIELD, for defendants in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On the 7th day of May, 1891, A. B. McDavid was the owner of lots 3, 4, 5 and 6, block 5, town of Allenville, Moultrie county, state of Illinois, and on that date he executed a bond to Nora A. Glover and Frank Glover in and by which he agreed upon the payment of $200 within two years thereafter, to convey to Frank Glover and Nora Glover the premises. Afterwards, on the 13th of June, 1893, the time of payment was extended two years.

On the 2nd day of February, 1895, Frank Glover assigned this bond to A. W. Sutton and Joseph Sutton, and on that date they executed to him their promissory note for $210.50, due three years after date, with interest at seven per cent. from date; this note was secured by a mortgage of that date upon these premises, this mortgage recited on its face that it was given to secure the purchase money of these premises. The mortgage was duly recorded in book 34, page 581 of the records of Moultrie county.

After A. W. Sutton and Joseph Sutton received the assignment of this bond from Frank Glover and before the expiration of the extended time for payment thereunder, they assigned the bond to Frank Sutton. After obtaining the bond executed by McDavid, Frank Sutton attempted to complete the purchase of the premises by paying him the balance due on this bond according to its terms. McDavid refused to accept the amount tendered or to convey the premises. A bill for specific performance was filed by Frank Sutton to compel the conveyance. A final decree was entered in this proceeding in the circuit court of Moultrie county on the 26th of January, 1901, directing that McDavid make the conveyance, upon the payment of

the amount to him, in accordance with the terms of the bond, and upon default, upon his failure to make the deed and upon his failure to receive the said amount, the amount should be deposited with the clerk of the circuit court, and the master in chancery should execute the conveyance.

On the 30th of November, 1901, the master in chancery executed the conveyance in accordance with the terms of the decree, this decree directed that the master in chancery should convey all interest that A. B. McDavid had in said premises at the date of the execution of his bond. An appeal was prosecuted from the decree entered therein to the Supreme Court where it was affirmed. *David v. Sutton,* 205 Ill. 544.

After the action for specific performance was commenced, and before its final termination in the Supreme Court, on February 2, 1898, the note given to Frank Glover by A. W. Sutton and Joseph Sutton, and secured by mortgage, was assigned by Frank Glover to A. B. McDavid. After the termination of the action for specific performance, A. B. McDavid signed this note to P. J. Harsh, complainant in this case. After the termination of the specific performance, action and prior to the filing of the bill to foreclose this mortgage, the premises were purchased by and conveyed to John R. Martin and L. C. Fleming. To the September term, 1905, P. J. Harsh, last assignee of said note and complainant herein, filed his bill to foreclose the mortgage securing this note. He obtained a decree against A. W. Sutton and Joseph Sutton for the payment of the amount of the note, and the court decreed that in default of payment, the premises should be sold to satisfy the indebtedness. This writ of error is prosecuted by A. W. Sutton and Joseph Sutton, John R. Martin and L. C. Fleming.

As reasons for the reversal of this decree it is insisted by them, first, that in the proceeding for specific performance that by reason of the final determination of the suit for specific performance in which McDavid was required to convey these premises and because

the record discloses that he during the time of the pendency of that proceeding was the owner of this note, the mortgage became merged in the title which he then held; second, that he being a party to that proceeding and at that time being the owner of the note, the title being in him, and the mortgage covering the same premises which he was required to convey, by that proceeding that the result of that action should be held to be *res adjudicata;* third, that A. W. Sutton and Joseph Sutton in their answer deny that Harsh is the owner or rightful holder of this note; fourth, that the paper which it is attempted to foreclose is not sufficient to constitute it a mortage; fifth, for the reason that at the time of the execution of the purported mortgage by A. W. Sutton and Joseph Sutton, they did not have the title to or in said premises.

Upon the first contention that there was a merger of the mortgage with the title then held by McDavid, we cannot agree. While at the time McDavid executed the original bond in question he contracted thereby to convey the title which he held at that time and upon payment of the amount due under that bond, so far as McDavid was concerned, the holder of the bond was entitled to receive whatever title McDavid had at that time, upon payment of the amount due on that bond, and the title to the grantee under and by virtue of the specific performance proceeding related back to the date of the bond; and upon the conveyance from the master in chancery to Frank Sutton the grantee in that deed only obtained the title to said premises that McDavid had at the date of the execution of his bond. The contention that the mortgage when obtained by McDavid merged in the title held by him cannot be acceded to for the reason that the bond which he executed only contracted or covenanted to convey the title which he held at the date of the execution of the bond. If this mortgage had been a lien upon the premises prior to the time of the execution of his bond, then the rule of merger would have applied, as it would have been necessary to have had this mort-

gage released in order to comply with the conditions of his bond. But the lien of this mortgage attached to and became a lien on these premises after the execution of his bond; and we do not understand the rule to be where an interest or lien is created or arises after the time at which the title is to become fixed, although obtained by a party who is required to convey the title as it was at that time becomes merged with that title. The contract executed by McDavid did not require him to convey title free of encumbrance of the date of the execution of the deed, whenever that might have been, but, as provided by the decree in the specific performance proceeding and as determined in that proceeding, he was only required to convey the title which he held at the date of the bond, and that is all the decree authorized and all that the Master's deed conveyed, and we are of the opinion that the purchase of this note by him did not merge the mortgage with the title he then held. The mortgage was not made to him and was not assigned to him of record.

Upon the contention that the specific performance is *res adjudicata* of this action, we find no plea setting forth the facts which constitute a defense of *res adjudicata*. While the rule is, as contended by plaintiff in error, that whatever might have been litigated and whatever was litigated in the pleadings or under the facts as disclosed in the first adjudication, where the parties to that proceeding are the same, if properly pleaded, will be *res adjudicata,* and it is not necessary that there should have been an actual hearing or determination upon the question, but if it was such a proceeding any matter that could there have been properly litigated although there was a failure to do so, the rule of *res adjudicata* will still apply, but the only attempt we find in this record to present the question of *res adjudicata* is in the answer of appellants that McDavid should have been required to litigate this proceeding in the action for specific performance. This allegation in the answer is a mere

conclusion, and is not sufficient to present the question of *res adjudicata.*

Upon the contention that the complainant herein is not the owner of this note there is no evidence whatever. The record does not show that he was not the assignee before maturity, but it does show an assignment to him, which is all that is necessary to maintain the action when no contra evidence is offered.

Upon the contention that the paper executed is not a mortgage, we find upon examination thereof that while it is awkwardly drawn, it contains all of the elements necessary to constitute a mortgage; it describes the mortgagors, the mortgagee, the note to be secured, the premises mortgaged and the consideration for which the note is given; this is all that is required of a mortgage.

Upon the contention that A. W. Sutton and Joseph Sutton had no title at the time they executed the mortgage in question, Frank Glover, who was the original owner of this bond assigned the bond prior to the date of this mortgage to A. W. Sutton and Joseph Sutton, they thereby became the equitable owners of these premises subject to the payment of the amount due McDavid for the balance of the purchase money due him, and the mortgage which they gave at that time became a lien and attached to their equitable interest, whatever it may have been, and if thereafter they had obtained the title from McDavid by the payment of the amount due McDavid and obtained a deed therefor, their mortgage contained the words mortgage and warrant would have attached to and become a lien on the title which they then acquired, and Frank Sutton who obtained the bond by assignment from them after this mortgage was placed upon record could obtain no greater rights in the premises than they had at the time that it was assigned to him. And by completing the payment of the amount due on the McDavid bond he obtained his title through the specific performance proceeding from McDavid, subject to the mortgage executed by A. W. Sutton and Joseph Sutton; and the

contention that A. W. Sutton and Joseph Sutton had no interest in the premises which could be made subject to a mortage at the time they executed this note and mortgage. is not tenable.

The original bond having been executed in 1891 and the payment not having been completed under the terms thereof, and the bond having been assigned, and about four years having elapsed before the resale of the premises by A. W. Sutton and Joseph Sutton to Frank Sutton, and the note and mortgage having been executed by them having been for the purchase money, it is only reasonable to presume that this property had advanced in price and that to secure the assignment to them of the McDavid bond to Frank Glover they were required to make additional payments, and it was for the purpose of repaying them that this note and mortgage was executed, and they having an equitable interest at that time had the right to mortgage their interest.

To permit the assignee of the original bond to secure these premises with this lien of record thereon merely by paying the amount due on the original bond would be inequitable and unjust. The record discloses that the present owners of the premises purchased the same with this mortgage on record and they were required to take notice thereof, and cannot be heard to say that they did not know this mortgage was not paid, the title they took was subject to it, it was their duty to ascertain the rights of the parties therein.

There was nothing of record to show that McDavid ever owned the mortgage, and there being no evidence that Harsh is not the innocent holder of this note, and nothing of record to advise him that the doctrine of *res adjudicata* could be applied to the specific performance proceeding, the court properly held that this mortgage was subject to foreclosure, and its decree will be affirmed.

*Affirmed.*