(No. 16815.—Decree affirmed.)
RALPH W. LINDER, Appellee, vs. GRANT BARNETT,
Appellant.

*Opinion filed October 28, 1925.*

1. EQUITY—*defendant cannot avail of defense not stated in answer.* It is a rule of chancery pleading that a defendant is by his answer bound to apprise the complainant of the nature of the defense he intends to set up, and he cannot avail himself of any matter of defense not stated in the answer even though it appears in evidence.

2. SPECIFIC PERFORMANCE—*defense of rescission of a contract must be pleaded.* The defense of rescission of the contract is an affirmative defense, and such defense must be set up in the answer or the defendant cannot have the benefit of it.

APPEAL from the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

WILLIAM K. WHITFIELD, JESSE L. DECK, W. THOMAS COLEMAN, and JAMES W. MONTGOMERY, for appellant.

THOMAS B. JACK, and W. NAY BOGGESS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Complainant (appellee here) filed his bill in the circuit court of Macon county praying the specific performance of an oral contract alleged to have been entered into on April 15, 1924, between himself, as purchaser, and defendant, (appellant here,) who was owner of the property. The bill set out the description of the property, being a small strip of land adjoining defendant's farm and which was formerly used as a part of the Spangler Mill road, in Macon county. When the State system of hard roads, being Route No. 10 east of Decatur, was constructed, the lines of the highway were straightened and changed to some extent, leaving the strip here in question. Complainant was engaged in the

bill-board advertising business and desired the property for that purpose. It was alleged in the bill complainant agreed to pay defendant $75 for the property, and the latter agreed to convey title thereto and surrender immediate possession thereof, with the right to make permanent and lasting improvements thereon; that pursuant to said agreement complainant received possession, erected improvements at a cost of $300, and delivered his check 'for the purchase money to an agreed receiving agent; that complainant has always been ready and willing to perform the terms of the agreement and made demand for a deed to the property, but defendant has refused to execute and deliver such deed. A general and special demurrer was filed to the bill and overruled by the court, and defendant answered. The answer admits defendant's ownership of the premises but denies any agreement for its sale was ever made; avers some conversation was had about a sale, which was based on a survey of the land being made, notice of which survey was to be given to defendant so that both parties might participate therein, and the survey was to be made as a condition precedent to any contract; denies possession was given pursuant to any agreement, and avers complainant took possession before any conversation between the parties and without any understanding whatsoever; denies that valuable improvements were made upon the premises pursuant to any agreement or that demand was ever made for its conveyance. The Statute of Frauds is also set up as a defense.

After replication filed the cause was referred to the master in chancery to take the testimony and report his findings of fact and conclusions of law. The master found the evidence proved that the parties entered into an agreement for the sale of the premises in question on April 15, 1924; that complainant agreed to pay therefor the sum of $75, and defendant agreed to convey the property for said sum provided he could make a deed therefor and complainant would cause a survey to be made; that complainant

agreed to have the survey made and to notify defendant
when it would be done; that complainant deposited with
the county judge of Macon county a check for the amount
agreed upon, with instructions to him that the check be de-
livered to defendant upon the delivery to the judge of a
deed, properly executed and acknowledged, conveying title
to the property; that on the date of the agreement it was
understood and agreed between the parties that complain-
ant should proceed with the construction of bill-boards on
the property, and in pursuance thereto two sign-boards con-
stituting permanent improvements were immediately erected
on the property and completed within three or four days
of the date of the agreement; that a survey was made of
defendant's premises by complainant without notice to de-
fendant of the making thereof, and he was not present at
the time. The master found the evidence shows that on
the day the original negotiations were made for the pur-
chase of the property both parties were on the ground, were
familiar with the location and boundaries thereof, and that
a description of the property sufficient to convey title could
have been given without any survey being made of the prop-
erty; that the survey was to have been made and the deed
delivered by Saturday, April 19; that on the Tuesday fol-
lowing, defendant informed complainant that the latter had
broken his agreement, in that he had not notified defendant
as to when the survey would be made; that on account of
it having been made without his knowledge or presence de-
fendant refused to convey the property; that pursuant to
this conversation, on the same day the parties met in the
office of the county judge, who had possession of complain-
ant's check for the purchase money, and the check was
at that time returned to complainant, who accepted it, and
about an hour thereafter again returned it to the county
judge; that there was no written agreement between the
parties relative to the purchase of the property. The mas-

ter concluded from the evidence that at the time of the
return of the check by the county judge to complainant, who
accepted it, the parties by mutual agreement rescinded and
abandoned the verbal agreement entered into between them
for the sale of the premises and for that reason complain-
ant was not entitled to specific performance, and recom-
mended that the bill should be dismissed at the cost of the
complainant.

Objections to the report of the master were overruled
by him and stood as exceptions in the circuit court. On a
hearing before the chancellor exceptions of complainant
were sustained to the master's conclusion that the parties
had mutually rescinded the contract, and the chancellor
found and decreed the contract was not mutually rescinded.
An order and decree were entered for the specific perform-
ance of the contract and that the costs of the suit be taxed
against defendant. From that decree defendant has prose-
cuted an appeal to this court.

It is now chiefly contended by defendant that there was
a rescission and abandonment of the contract between the
parties; that no possession was taken by complainant un-
der the parol agreement but such acts of possession were
taken prior to even talking to defendant about the pur-
chase, and hence there was not sufficient performance in
equity to take the contract out of the Statute of Frauds.

Defendant testified that on Tuesday morning, April 22,
following the Saturday upon which the deal was supposed
to have been closed, he called up complainant (presumably
by telephone) and said the deal was off; that complainant
had not notified him when the surveyor went out to survey
the property and had not lived up to his agreement. Com-
plainant asked defendant to come in and see him and go
with him to get his check back. About 11:30 the same
morning both parties went over to see the county judge,
who had complainant's $75 check and who it had been
arranged was to prepare the deed conveying the property.

Complainant told the judge defendant had decided not to go through with the deal and he thought he had better come over and see if he could get his check back. The check was given to him by the judge. Defendant refused to go ahead with the deal, and complainant sat and talked to him during the lunch hour and tried to get him to sell the strip of ground for $125, which was $50 more than the agreed price. Complainant testified he re-delivered his $75 check to the county judge about an hour after receiving it. The testimony of the county judge shows the complainant re-delivered his $75 check to him.

By his answer defendant denied he ever made an agreement with the complainant to sell him the land, except an agreement based upon a survey to be made of the property, which survey was to be made by complainant; that defendant was to be notified of, be present at and participate in the survey, and that such survey was a condition precedent to any contract for the sale.

At no place in the answer is the defense of rescission of the contract mentioned or referred to. The answer admits the parties talked about a sale, but avers that a survey was a condition precedent to a contract for the sale of the land. If the proof showed a contract for the sale was made between the parties, then the defense set up in the answer denying making the agreement was met and overcome. We think a contract was proved. True, it was a verbal contract. Complainant was in possession of the land when it was made. His business was erecting sign-boards, and he had secured permission from an adjoining land owner who made some claim of ownership to the land in controversy or part of it. When notified by defendant he owned the land, the negotiations took place in which defendant agreed to sell and complainant agreed to buy the land. As the shape of the land is irregular on account of the location of roads it was thought a survey should be made to get a correct description. Complainant agreed to

have the survey made and pay defendant $75 for the land. Defendant agreed to allow complainant to continue in possession and to erect sign-boards on the land, which complainant did at a substantial cost.

The contract was not invalid under the Statute of Frauds. Aside from the defense of that statute, the only defense set up by the answer is a denial that defendant ever made any agreement with complainant to sell and convey him the land. Complainant and defendant went together to Judge McCoy, who was suggested by defendant as a proper person to prepare the deed, but the judge thought that a more correct description should be made than they then had. Complainant left with Judge McCoy his check for $75 as the agreed agent of both parties, to be given defendant when the deed was made. Complainant had the survey made but did not notify defendant, and he was not present. That he agreed to notify defendant when he was going to have it made he denies and defendant affirms. At any rate, when defendant heard the survey had been made he refused to convey the land. The parties met and went together to Judge McCoy's office, and, defendant persisting in his refusal to convey, the judge returned complainant's check to him and went to lunch. Complainant and defendant continued to discuss the matter, and complainant offered to pay defendant an additional $50 for the land but he refused to convey. Complainant returned the $75 check to Judge McCoy about an hour after it had been returned to him, but, as we understand, still retained possession of the land.

The master found there was a contract for the sale and conveyance of the land but that it was rescinded, and recommended that the bill be dismissed. The chancellor also found there was a contract for the sale and conveyance, and "that complainant did not mutually rescind and abandon his agreement with defendant." Accordingly, specific performance was decreed.

We agree with the master and the chancellor that the parties entered into a valid contract for sale and conveyance of the land. Rescission of the contract was not set up and relied upon as a defense by the answer. It is a rule of chancery pleading that a defendant by his answer is bound to apprise a complainant of the nature of the defense he intends to set up, and he cannot avail himself of any matter in defense not stated in the answer even though it should appear in the evidence. That language, substantially, was quoted with approval from Daniell's Chancery Practice by this court in *Johnson* v. *Johnson,* 114 Ill. 611. In *Westlake* v. *Horton,* 85 Ill. 228, the bill alleged complainant made defendant a mortgage to secure an indebtedness and subsequently made defendant a deed for further security; that the money had been paid to defendant in full but he refused to re-convey the land. Defendant answered, denying the debt had been paid. The court held that under the answer defendant could not interpose the defense that the mortgage and deed were made by complainant for the purpose of fraudulently hindering and delaying creditors. In *Crone* v. *Crone,* 180 Ill. 599, the bill alleged defendant bought land with partnership money, and without the consent of his partner took title in himself, which the bill alleged he held in trust. The defense set up by the answer was that defendant bought the property with his own individual money. The court held he could not interpose the defense that the conveyance was made to defendant, with his partner's knowledge, for the purpose of defeating a judgment against him. In *McDavid* v. *Sutton,* 205 Ill. 544, the court held a defense not shown by the abstract to have been set up by the answer to a bill for specific performance cannot be considered on appeal. The defense of rescission is an affirmative defense. Such a defense must be set up in the answer or the defendant cannot have the benefit of it. 10 R. C. L. 446; *Puget Sound Nat. Bank* v. *King County,* 57 Fed. 433. See, also, *Chicago, Rock Island and*

*Pacific Railway Co.* v. *People,* 222 Ill. 427, and *Millard* v. *Millard,* 221 id. 86.

We do not pass upon the question of rescission, which the master found the facts established but which the court found the evidence did not prove. The defense of rescission cannot be relied upon, as it was in no way mentioned in the answer and is not now available to defendant.

The decree is affirmed.

*Decree affirmed.*